**James A. MILLER, Sr., Appellant,**

**v.**

**SEMET–SOLVAY DIVISION, ALLIED CHEMICAL CORPORATION,**
Appellee.

**James A. MILLER, Sr., Appellee,**

**v.**

**SEMET–SOLVAY DIVISION, ALLIED CHEMICAL CORPORATION,**
Appellant.

**Nos. 12778, 12779.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 6, 1969.

Decided Feb. 17, 1969.

Hymen Schlesinger, Pittsburgh, Pa. (James F. Barrett, Huntington, W. Va., on the brief), for appellant James A. Miller.

Norman K. Fenstermaker, Huntington, W. Va. (Jenkins, Schaub & Fenstermaker, Huntington, W. Va., on the brief), for Semet-Solvay Division, Allied Chemical Corp.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

**PER CURIAM:**

A collision involving two motor vessels, each pushing tows, upon the navigable waters of the Kanawha River in West Virginia, after dark on April 4, 1963, is the subject of this action. Both were proceeding upstream, M/V Little Edward ahead of M/V Semet. Without explanation or excuse, the latter shoved one of her towed barges into and over the stern of the Little Edward. At that time, relieved from deck duties, the latter's master, James Miller, had turned in for rest or sleep in his quarters in the after end of the vessel.

Thrown from his bunk by the concussion, the master was painfully hurt. He claimed damages of the Semet-Solvay Division, Allied Chemical Corporation, the Semet's owner and operator, for his injuries, and suing in the diversity jurisdiction of the District Court, put his case on the negligent navigation of the offending Semet. The jury found for the defendant; the court approved; the plaintiff appeals; and we reverse.

In particular, the charges of negligence are incompetency in her crew, her failure to observe "the rules of the road and applicable statutes" and "to keep the Semet under proper control and avoid collision, in operating same too close to the stern of the Little Edward and at too fast and dangerous speed under the circumstances".

■ The happening of the collision in the manner already described is undisputed. No proof in exoneration or extenuation was attempted. Although the action was on the court's law side, maritime principles were determinative. Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953). Aside from official rules of navigation and statutory directions, prudent seamanship is demanded of the mariner. Default in its exercise is negligence. A collision course reasonably observable, visually or otherwise, must be avoided. Obviously, that obligation was breached here. The evidence suggests nothing obscuring the presence of the Little Edward to the Semet. Inability to prevent collision is not even intimated.

■ At this location on the Kanawha, "every vessel, overtaking any other [is required to] keep out of the way of the overtaken vessel". Western River Rules, No. 22, 33 U.S.C. § 347. An overtaking vessel is defined as one "coming up with another vessel from any direction more than 2 points abaft her beam". As she was immediately astern of the Little Edward, the Semet was more than two points behind the beam of the Little Edward. The burdened vessel, the Semet was bound to stay clear. This caution finds counterparts in the International Rules, Inland Rules and the Great Lakes Rules. 33 U.S.C. § 146h, Rule 24; 33 U.S.C. § 209, Article 24; and 33 U.S.C. § 287, Rule 22. Thus the duty is a familiar one. The Pennsylvania, 86 U.S. 125, 22 L.Ed. 148 (1873); The No. 25, 266 F. 331 (2 Cir. 1920).

■ The violation of this rule spells negligence. When the Semet transgressed this commandment without warrant, and disregarded the privilege of the Little Edward to proceed without subordination to the following vessel, the Semet became liable for consequent injuries. No attribution of fault is laid to the Little Edward. The record discloses on her part no requisite lights missing, or no change of course or speed, accounting for the failure of the Semet to avoid her. Nothing here unmakes the liability of the Semet.

The judgment of the District Court approving the jury's verdict is not supportable. Errors in the admission of evidence and in instructions to the jury are urged by the plaintiff for reversal. We need not consider them, for we are convinced that he was entitled to a peremptory direction to the jury to find the defendant answerable for his injuries. In our remand we shall order a new trial limited to the issue of damages, as we think the appellant should not be taxed again with proving liability.

Reversed and remanded.